**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles EWING, Defendant-Appellant.**

**No. 38537.**

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 5, 1978.

Robert C. Babione, Public Defender, Joseph W. Warzycki, Asst. Public Defender, Beth Dockery, and Theodore Guberman, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Carson W. Elliff, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Charles D. Sindel, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals his conviction of statutory rape and sentence of two years by a jury. We affirm.

On appeal defendant raises only the contention that the testimony of the victim and her friend was insufficient to sustain the conviction in view of the contradictory alibi testimony of defendant and his father.

The victim was thirteen years old at the time of the offense; defendant was 18 or 19. The victim identified defendant as the man who had sexual intercourse with her. She testified that she was abducted by defendant who forcibly raped her. Medical and scientific evidence corroborated her claim that she had had sexual intercourse at the location she testified to. The victim's friend, sixteen at the time of the occurrence, corroborated the victim's testimony that defendant forcibly abducted the victim. Defendant presented alibi evidence that he was in Mississippi at the time of the offense.

The responsibility for weighing the evidence is upon the jury, not the appellate court. We do not substitute our judgment for that of the jury. *State v. Bohannon*, 526 S.W.2d 861 (Mo.App.1975) [1, 2]. Nor do we find the testimony of the victim to be contradictory or unconvincing as to the essential elements of the crime and the identity of the defendant as the perpetrator. In

addition, as to all essential elements including defendant's participation, the victim's testimony is corroborated. The only contradictions, if such they be, and the only area in which corroboration is missing is whether the intercourse itself was forcible. That is not an element of statutory rape.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.